In the Matter of the Application of JOHN BURKE, Appellant, for a Peremptory Order of Mandamus against S. HOWARD COHEN and Others, as and Constituting the Board of Elections of the City of New York, and Another, Appellants, Impleaded with MICHAEL J. CRUISE, as Clerk of the City of New York, Respondents, and JOHN R. CREWS, as Chairman of the Republican County Committee of Kings County, and Others, Intervenors, Appellants, and DAVID H. KNOTT and Others, as Chairman of the County Committees of the Democratic Party of New York, Kings, Bronx, Queens and Richmond Counties, Respectively, and Others, Intervenors, Respondents.*

First Department, June 23, 1934.

*William M. Chadbourne* of counsel, for the appellant John Burke.

*Paul Windels, Corporation Counsel [William E. C. Mayer* and *William B. Herlands* with him on the brief], for the appellants

* Affd., 265 N. Y. 210.

the Board of Elections of the City of New York and Comptroller of the City of New York.

*Walter M. Weis* of counsel, for the intervenor, appellant, Eustace Seligman, as treasurer of the City Fusion party.

*Samuel D. Smoleff* of counsel, for the intervenor, appellant, William Jay Schieffelin, as chairman of the Citizens Union of the City of New York.

*George W. Whiteside* of counsel [*J. Arthur Leve* with him on the brief; *John T. Dooling, Edward Ward McMahon, Seymour Mork, Theodore J. Groh, Charles W. Froessel* and *Charles Mulligan, Jr.*, attorneys], for the intervenors, respondents, David H. Knott and others, as chairmen, respectively, of the county committees of the Democratic party of New York county, Kings county, Bronx county, Queens county and Richmond county.

*William J. O'Shea, Jr.*, of counsel, for the respondent Michael J. Cruise, as clerk of the city of New York.

*Matthew M. Levy* of counsel, for the intervenors, respondents, Algernon Lee and others (Socialist party).

FINCH, P. J.   A vacancy having occurred in the office of comptroller of the city of New York by reason of the death of Major W. Arthur Cunningham, who was elected for a full term at the general election held in 1933, the mayor, on May 9, 1934, pursuant to the provision of the charter, appointed Joseph D. McGoldrick to fill the vacancy.

The question presented on this appeal is whether the office is to be filled at the general election to be held in November of this year, or at the general election to be held in 1935.

We affirm the order appealed from upon the ground that the comptroller of the city of New York is a constitutional officer because of his membership in the municipal assembly, which is in effect a local Legislature, and which under the Home Rule Amendment of the Constitution, exercises legislative functions theretofore exclusively with the Legislature.

The courts have heretofore defined a constitutional office not only as one created or made elective by the Constitution (*People ex rel. Ward* v. *Scheu*, 167 N. Y. 292), but also such offices as are required to be maintained to carry out the framework of government prescribed by the Constitution. (*People ex rel. Deitz* v. *Hogan*, 214 N. Y. 216.)   Judged by this test, the municipal assembly of the city of New York, consisting of the board of aldermen and the board of estimate and apportionment, is a constitutional body.

Under the Constitution the municipal assembly, whether it was the board of aldermen alone or the board of aldermen in conjunction with the board of estimate and apportionment, has always had devolved upon it by the Constitution certain powers which may be exercised only by constitutional authorization. When the board of aldermen was constituted the sole local legislative authority, a member of this board was held a constitutional officer. (*People ex rel. Deitz* v. *Hogan*, 214 N. Y. 216.) Under the so-called Home Rule Law (Laws of 1924, chap. 363), wider powers have been committed by constitutional mandate to the municipal assembly of the city of New York. Said assembly has had committed to it the power to enact and amend local laws. Also in the city of New York the municipal assembly is the body exercising the power of a common council. There is also the power to grant franchises. So long as the municipal assembly has such power its members will be constitutional officers. As was said in *People ex rel. Deitz* v. *Hogan* (*supra*): " In the city of New York the power of apportioning the counties thereof into assembly districts is vested in ' the common council, or if there be none, the body exercising the powers of a common council.' (Const. art. III, § 5.) That the board of aldermen is the body exercising the powers of a common council cannot be doubted. The Greater New York charter provides: ' The legislative power of the City of New York, except as otherwise herein provided, shall be vested in one house to be known and styled as the " Board of Aldermen of the City of New York." ' (Laws of 1901, ch. 466, § 17.) * * * The board of aldermen of the city of New York, thus being the body upon which the Constitution has devolved this most responsible duty, so far as assembly districts are concerned, is a constitutional body, so long as it remains vested with this power of apportionment, and the aldermen who constitute the board are necessarily constitutional officers."

It is urged by the appellants that the comptroller is only made a member of the board of estimate and apportionment by virtue of section 226 of the charter and that he might be deprived of that membership. It is a complete answer to this contention that so long as he is a member, he is both *de facto* and *de jure* a constitutional officer. Another situation would be presented if the comptroller had been deprived of his membership when the vacancy in that office occurred. As was said in *People ex rel. Deitz* v. *Hogan* (*supra*): " The fact that they may cease to be such if the Legislature should transfer the powers of a common council from them to some other body does not affect the question before us. The aldermen are constitutional officers now and were constitutional

officers when the vacancies occurred in the fifty-first and fifty-second aldermanic districts."

The comptroller, therefore, being a constitutional officer by virtue of his membership in the municipal assembly, it follows that he comes within the express requirements of the Constitution that in case of elective officers no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. (N. Y. State Const. art. X, § 5.)

It follows that the order appealed from should be affirmed.

MARTIN, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order affirmed, without costs, with leave to appeal to the Court of Appeals.